UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                       CASE NO.: 8:09-cv-455-T-23TBM

SKY WAY GLOBAL, et al.,

    Defendants.
_____/

**ORDER**

The Commission moves (Doc. 75) for a default judgment (Doc. 75-1) against the defendant Kenneth Bruce Baker. The Commission served[1] Baker on December 7, 2009, and on May 10, 2010, the Clerk defaulted Baker (Doc. 64). The Commission requests a permanent injunction, disgorgement, a civil penalty, and a "penny stock" bar.[2]

---

[1] Pursuant to Rule 4(f), Federal Rules of Civil Procedure, the Commission obtained permission to serve Baker by e-mail, because Baker (1) lacked a permanent residence and (2) both actively evaded and attempted to thwart the Commission's attempts at personal service. (Doc. 41)

[2] The Exchange Act defines "penny stock" as "any equity security other than a security" that is:

    (i) registered or approved for registration and traded on a national securities exchange that meets such criteria as the Commission shall prescribe by rule or regulation for purposes of this paragraph;

    (ii) authorized for quotation on an automated quotation system sponsored by a registered securities association, if such system (I) was established and in operation before January 1, 1990, and (II) meets such criteria as the Commission shall prescribe by rule or regulation for purposes of this paragraph;

    (iii) issued by an investment company registered under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.];

    (iv) excluded, on the basis of exceeding a minimum price, net tangible assets of the issuer, or other relevant criteria, from the definition of such term by rule or regulation which the Commission shall prescribe for purposes of this paragraph; or

    (v) exempted, in whole or part, conditionally or unconditionally, from the definition of

(continued...)

Injunctive relief is appropriate if the Commission establishes (1) "a prima facie case of previous violations of federal securities laws" and (2) "a reasonable likelihood that the wrong will be repeated." S.E.C. v. Calvo, 378 F.3d 1211, 1216 (11th Cir. 2004). "Liability, if well-pleaded, is established by virtue of a default." Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (Bucklew, J.). In assessing a motion for a default judgment, the factors meriting consideration include:

> [t]he egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations.

S.E.C. v. Carriba Air, Inc., 681 F.2d 1318, 1322 (11th Cir. 1982) (quoting S.E.C. v. Blatt, 583 F.2d 1325, 1334 n.29 (5th Cir. 1978)). Section 21(d)(6)(A) of the Exchange Act authorizes a permanent prohibition against a defendant's participating in the offering of penny stock if the defendant's misconduct involved an offering of penny stock. 15 U.S.C. § 78u(d)(6). In seeking a permanent prohibition, the Commission must "specifically articulate[] compelling reasons for such a sanction." Steadman v. S.E.C., 603 F.2d 1126, 1140 (5th Cir. 1979) (Tjoflat, J.).

> For example, the facts of a case might indicate a reasonable likelihood that a particular violator cannot ever operate in compliance with the law or might be so egregious that even if further violations of

---

²(...continued)
such term by rule, regulation, or order prescribed by the Commission.

15 U.S.C. § 78c(51)(A); see also 17 C.F.R. § 240.3a51-1 (defining "penny stock"). Section 21(d)(6)(A) of the Exchange Act authorizes a prohibition on participating in an offering of penny stock "against any person participating in, or, at the time of the alleged misconduct who was participating in, an offering of penny stock." The statute permits either a conditional, unconditional, or permanent bar. 15 U.S.C. § 78u(d)(6).

> the law are unlikely, the nature of the conduct mandates permanent
> debarment as a deterrent to others in the industry.

603 F.2d at 1140 (citations omitted).  Also meriting consideration is the particular misconduct of the defendant, the defendant's experience in the financial services industry, and the likelihood that the defendant's occupation will present the defendant with "further opportunities to violate the securities laws . . . ." S.E.C. v. Converge Global, Inc., 2006 WL 907567, *5 (S.D. Fla. 2006) (Middlebrooks, J.); see also S.E.C. v. Patel, 61 F.3d 137, 141 (2d Cir. 1995) (assessing the defendant's substantial unfitness to serve as an officer or director of a public company by looking at the egregiousness and repetitive nature of the violation, the defendant's position in the company when the fraud occurred, the degree of scienter, the defendant's economic stake in the violation, and the likelihood of recidivism.).

In this action, Baker admits the allegations of the complaint by virtue of his default.  Baker promoted investment in Sky Way Global, actively solicited investors for securities transactions, received a commission for each transaction, and earned approximately $2 million.[3]  Baker never registered as a broker or a dealer as required by Section 15(a)(1) of the Exchange Act (15 U.S.C. § 78o(a)).  Baker demonstrates a high degree of scienter (1) by acting as an unregistered broker-dealer for several years and (2) by acquiescing in Sky Way Global's concealing the improper use of S-8 stock to pay Baker's commission.  By evading service and otherwise failing to appear, Baker demonstrates a failure to recognize the wrongfulness of his conduct.  Baker's repeated,

---

[3] Although the Commission's motion (Doc. 75) states that "Sky Way's common stock was registered with the Commission pursuant to Section 12(g) of the Securities Exchange Act of 1934 ("Exchange Act") and was quoted on the Over-The-Counter Bulletin Board," the Commission neither states in the motion nor alleges in the complaint that Sky Way Global's common stock qualifies as "penny stock."

- 3 -

highly profitable violations of the registration requirement; his failure to recognize the wrongfulness of his conduct (or otherwise defend this action); his attempts to conceal his violations of the law; and his "knowledge, financial motivation, [and] experience" demonstrate a high likelihood of recidivism.  Therefore, permanent injunctive relief is warranted.

The Commission's motion (Doc. 75) for a permanent injunction against Baker is **GRANTED IN PART**.  Baker shall disgorge any ill-gotten gain and pay a civil penalty.  The court retains jurisdiction to impose a money judgment for an amount certain.  To the extent that the Commission seeks a permanent injunction (Doc. 75-1) against Baker, Baker is **PERMANENTLY ENJOINED** pursuant to Rule 65(d), Federal Rules of Civil Procedure, from violating Section 15(a) of the Exchange Act (15 U.S.C. § 78o(a)) by acting as a broker-dealer and promoting the purchase of a security without first registering as a broker-dealer with the Commission.  To the extent that the Commission seeks a penny stock bar against Baker, the motion (Doc. 75) is **DENIED WITHOUT PREJUDICE**, because the Commission fails to show that Sky Way Global's stock was "penny stock" as defined by the Exchange Act.  The Commission may submit an amended motion as to the penny stock bar no later than **August 16, 2010**.

ORDERED in Tampa, Florida, on July 29, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE