UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                  CASE NO.: 8:09-cv-455-T-23TBM

SKY WAY GLOBAL, et al.,

    Defendants.

_____/

**ORDER**

On June 9, 2010, the Commission moved (Doc. 75) for a default judgment (Doc. 75-1) against the defendant Kenneth Bruce Baker and requested a permanent injunction, disgorgement, a civil penalty, and a "penny stock" bar. A July 29, 2010, order (Doc. 85) denies the motion to the extent that the Commission seeks a penny stock bar, because the Commission fails to show that Sky Way Global's stock qualifies as a penny stock under the Exchange Act. The Commission renews the motion (Doc. 98) for a penny stock bar.

Section 21(d)(6)(A) of the Exchange Act authorizes a permanent prohibition against a defendant's participating in the offering of penny stock if the defendant's misconduct involved an offering of penny stock. 15 U.S.C. § 78u(d)(6). In seeking a permanent prohibition, the Commission must "specifically articulate[] compelling reasons for such a sanction." Steadman v. S.E.C., 603 F.2d 1126, 1140 (5th Cir. 1979) (Tjoflat, J.).

> For example, the facts of a case might indicate a reasonable likelihood that a particular violator cannot ever operate in compliance with the law or might be so egregious that even if further violations of the law are unlikely, the nature of the conduct mandates permanent debarment as a deterrent to others in the industry.

603 F.2d at 1140 (citations omitted).  Also meriting consideration is the particular misconduct of the defendant, the defendant's experience in the financial services industry, and the likelihood that the defendant's occupation will present the defendant with "further opportunities to violate the securities laws . . . ."  S.E.C. v. Converge Global, Inc., 2006 WL 907567, *5 (S.D. Fla. 2006) (Middlebrooks, J.); see also S.E.C. v. Patel, 61 F.3d 137, 141 (2d Cir. 1995) (assessing the defendant's substantial unfitness to serve as an officer or director of a public company by looking at the egregiousness and repetitive nature of the violation, the defendant's position in the company when the fraud occurred, the degree of scienter, the defendant's economic stake in the violation, and the likelihood of recidivism.).

The July 29, 2010, order finds that "Baker's repeated, highly profitable violations of the registration requirement; his failure to recognize the wrongfulness of his conduct (or otherwise defend this action); his attempts to conceal his violations of the law; and his 'knowledge, financial motivation, [and] experience' demonstrate a high likelihood of recidivism" and warrant permanent injunctive relief.  The Commission shows (Doc. 98) (1) that Sky Way Global's Form 10-K Annual Report describes Sky Way Global's stock as penny stock and (2) that Sky Way Global's stock qualifies as a penny stock, because the stock both traded for less than $5.00 a share and avoided each exclusion from the definition of a penny stock under 17 C.F.R. § 240.3a51-1.  Additionally, the Commission argues that Baker's conduct warrants a penny stock bar, because Baker's conduct "demonstrates a level of scienter that suggests he might continue to devise ways to subvert the federal securities laws in the future."

Upon review, the Commission's renewed motion (Doc. 98) is **GRANTED**. Pursuant to Section 21(d)(6)(A) of the Exchange Act, the defendant Kenneth Bruce Baker is permanently prohibited from participating in the offer or sale of a penny stock (as defined in 17 C.F.R. § 240.3a51-1).

ORDERED in Tampa, Florida, on August 18, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE