UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                                    CASE NO.: 8:09-cv-455-T-23TBM

SKY WAY GLOBAL, LLC,
BRENT C. KOVAR, GLENN A. KOVAR,
JAMES S. KENT, KENNETH BRUCE
BAKER, and KENNETH R. KRAMER,

      Defendants.
_____/

## ORDER

The Commission sues (Doc. 1) Sky Way Global, LLC; Brent C. Kovar; Glenn A.

Kovar; James S. Kent; Kenneth Bruce Baker; and Kenneth R. Kramer for "selling

unregistered securities and defrauding investors through multiple so-called 'pump-and-

dump schemes in violation of the registration and anti-fraud provisions of the federal

securities laws." Defaults were entered and injunctions issued (Docs. 53, 85, 158, 159,

164) against all of the defendants except Kenneth R. Kramer. In the injunction orders,

jurisdiction was retained to impose a money judgment based on a civil penalty.

On April 1, 2011, after a bench trial, judgment was ordered (Doc. 208) for the

defendant and against the Commission. On April 4, 2011, the clerk entered the

judgment. (Doc. 209) On June 1, 2011, the Commission filed (Doc. 225) a notice of

appeal. On August 5, 2011, the Eleventh Circuit Court of Appeals issued (App. Doc.) a

jurisdictional question asking the Commission to address (1) "[w]hether and to what

extent the district court's April 1, 2011, order and April 4, 2011, judgment are final and immediately appealable" and (2) "whether claims remain against any party in light of the district court's various orders expressly retaining jurisdiction to enter additional orders for money judgments against individual defendants." On August 9, 2011, an order was issued, administratively closing the case pending appeal.

On August 18, 2011, the Commission moved (Doc. 250) for Rule 54(b), Federal Rules of Civil Procedure, certification and asked for an order stating that "no just reason for delay" exists. An August 24, 2011, Order directs (Doc. 253) the defendant to show cause why the Rule 54(b) certification motion should not be granted. The defendant responds. (Doc. 254)

## Discussion

Because judgment was entered for Kramer and jurisdiction was retained to determine the amount of damages against the defaulted defendants, no party disputes that Kramer's judgment must satisfy Rule 54(b) to enable appeal. Rule 54(b) provides that if "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A district court serves as a "dispatcher" of the action, deciding – in the interest of "sound judicial administration" – the appropriate time each final decision in a multi-party action is ready for appeal. Curtiss-Wright Corp., 446 U.S. 1, 8 (1980). Thus, Rule 54(b) requires (1) a final judgment disposing of at least one

party or claim[*] and (2) an express "no just reason for delay" determination. <u>Curtiss-Wright Corp.</u>, 446 U.S. at 7-8.

Rule 54(b) requires a "no just reason for delay" determination as a means to prevent "piece-meal appeals." <u>Curtiss-Wright Corp.</u>, 446 U.S. at 8. Before deciding whether "no just reason for delay" exists, a district court must balance (1) judicial administrative interests and (2) the equities involved in certifying a claim for appeal. <u>Curtiss-Wright</u>, 446 U.S. at 8; <u>see</u> <u>also</u> <u>In re Southeast Banking Corp</u>, 69 F.3d 1539, 1546 (11th Cir. 1995) (noting that a district court's assessment of "no just reason for delay" is reviewed under a "clearly unreasonable" standard). A court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

<u>Allis-Chalmers Corp. v. Philadelphia Elec. Co.</u>, 521 F.2d 360 364 (3d Cir. 1975), <u>overruled in part by</u> <u>Curtiss-Wright</u>, 446 U.S. 1 (1980).

By virtue of default, the other defendants admit liability. Consequently, the defaulted defendants await only the imposition of a civil penalty, a determination that bears no relation to the liability of Kramer. Additionally, no future developments could moot the need for review of Kramer's liability, no counter claim exists, and

---

[*] Neither party disputes that the final judgment for Kramer and against the Commission (Doc. 209) fully disposes of the Commission's claims against Kramer. The parties dispute only the "no just reason for delay" component of Rule 54(b). <u>See</u> <u>Deboles v. Trans World Airlines, Inc.</u>, 552 F.2d 1005, 1008 (3d Cir. 1977) (noting that a district court may properly separate the liability of one party from the damages against the other parties for purposes of Rule 54(b)).

miscellaneous factors, including judicial economy and Kramer's age, compel an

immediate and final determination of Kramer's liability. Thus, "no just reason for delay"

exists.

Conclusion

The Commission's 54(b) certification motion (Doc. 250) is **GRANTED**, and the

Commission's appeal is **CERTIFIED UNDER RULE 54(b), FEDERAL RULES OF CIVIL**

**PROCEDURE**.

ORDERED in Tampa, Florida, on September 9, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc:   Tonya L. Richardson
      Eleventh Circuit Court of Appeals