UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                        CASE NO.: 8:09-cv-455-T-23TBM

SKY WAY GLOBAL, LLC,
BRENT C. KOVAR, GLENN A.
KOVAR, JAMES S. KENT,
KENNETH BRUCE BAKER, and
KENNETH R. KRAMER,

    Defendants.
_____/

## **ORDER**

The Commission moves (1) for a judgment against James S. Kent for $265,000 in disgorgement, for $1,766.67 in pre-judgment interest, and for $120,000 as a civil penalty, (2) for a judgment against Kenneth Baker for $1.9 million in disgorgement, for $377,390 in pre-judgment interest, and for $1.9 million as a civil penalty, (3) to dismiss the claims against the defunct Sky Way Global, LLC, and (4) for entry of a consent judgment against Brent Kovar and Glenn Kovar. (Doc. 267)

## **JAMES KENT**

After the Commission filed this motion and the *pro se* defendant Kent failed to respond, a January 28, 2013, order (Doc. 270) notes that "Kent moves (Doc. 269) for

a hearing but states neither a legal or factual basis for his opposing the Commission's motion nor an explanation for the necessity of a hearing." The order states:

> A November 24, 2010, order (Doc. 164) adopts in part a proposed consent judgment (Doc. 163-1) against Kent and, in accord with Kent and the Commission's agreement, states, "Kent shall disgorge any ill-gotten gain with pre-judgment interest and shall pay a civil penalty, for both of which the court retains jurisdiction to impose a money judgment in an amount certain." A July 29, 2010, order (Doc. 85) grants in part a permanent injunction against Baker and states, "Baker shall disgorge any ill-gotten gain and pay a civil penalty." The amount of the disgorgement, the pre-judgment interest, and the civil penalty remains for resolution. If opposing the Commission's motion, Kent and Baker must respond in writing on or before **FEBRUARY 11, 2013**, and state with particularity the nature of the objection. Otherwise, the motion will be treated as unopposed.

Rather than responding, Kent again moves for a hearing (1) to "bring attention to the Court the many roles [he has] played, at the request of the [Commission], in supporting the many Sky Way Global / Sky Way Communications issues" and (2) to "[p]rovide the Court with an explanation of [his] current financial status and to provide a detailed financial statement which shall demonstrate [his] inability to make any financial disgorgement."

The equitable remedy of disgorgement deprives a wrongdoer of unjust enrichment and deters others from violating securities law. *SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987). The Commission "is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004). "Exactitude is not a requirement; '[s]o long as the measure of disgorgement is reasonable, any risk of uncertainty should fall

on the wrongdoer whose illegal conduct created that uncertainty.'" *Calvo*, 378 F.3d at 1217 (quoting *SEC v. Warde*, 151 F.3d 42, 50 (2d Cir. 1998)).  In a November 22, 2010, paper signed by Kent and filed by the Commission, Kent agreed that "solely for the purposes of [a motion for disgorgement and a civil penalty], the allegations of the Complaint shall be accepted and deemed true by the Court." (Doc. 163-1, ¶ 3) The complaint alleges that "[a]fter artificially inflating Sky Way's stock price through false and misleading press releases, videos, SEC filings, and other communications, . . . Kent dumped [his] Sky Way stock onto the market" for an "approximate" profit of $265,000.  Neither Kent's purported inability to pay nor Kent's purported assistance to the Commission bears on the amount of disgorgement.  In accord with Kent and the Commission's agreement, interest is calculated from April 1, 2009,[1] to May 31, 2009, the day of Kent's consent to a permanent injunction.

In addition, the Commission seeks a civil penalty of $120,000 against Kent. Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), provide three "tiers" of civil penalties, the third of which is reserved for violations (1) "involv[ing] fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and (2) "directly or indirectly result[ing] in substantial losses or creat[ing] a significant risk of substantial losses to other persons."  For each offense, the statutes limit the "third-tier" penalty

---

[1] Despite Kent's agreeing to pay interest that begins accruing on March 13, 2009, the Commission's supporting exhibit (Doc. 267-5) begins calculating interest on April 1, 2009.

to the greater of $100,000 or the defendant's "gross amount of pecuniary gain." Factors governing the amount of the civil penalty include (1) the defendant's culpability, (2) the need to deter repetitive conduct from the defendant and others, (3) the defendant's net worth, (4) the imposition of other sanctions on the defendant, (5) the amount of the defendant's profit, (6) the recurrence of violations, and (7) and other equitable considerations.

As for a civil penalty, Kent's contention that he has supported the Commission's investigation and that he has no money are accepted as true. However, Kent admits the allegations of the complaint, which include both "deceit" and "substantial losses . . . to other persons," justifying the imposition of a civil penalty much greater than $120,000. Without the imposition of a civil penalty, Kent stands only to lose what he unjustly gained, $265,000. Under the circumstances, a $120,000 civil penalty suffices to reasonably penalize Kent and to discourage violation of the securities laws.

### KENNETH BAKER

Baker fails to respond to the Commission's motion or anything else in this action. By default, Baker admits the allegations of the complaint. A July 29, 2010, order states:

> In this action, Baker admits the allegations of the complaint by virtue of his default. Baker promoted investment in Sky Way Global, actively solicited investors for securities transactions, received a commission for each transaction, and earned approximately $2 million. Baker never registered as a broker or a

> dealer as required by Section 15(a)(1) of the Exchange Act (15 U.S.C. § 78o(a)).  Baker demonstrates a high degree of scienter (1) by acting as an unregistered broker-dealer for several years and (2) by acquiescing in Sky Way Global's concealing the improper use of S-8 stock to pay Baker's commission.  By evading service and otherwise failing to appear, Baker demonstrates a failure to recognize the wrongfulness of his conduct.  Baker's repeated, highly profitable violations of the registration requirement; his failure to recognize the wrongfulness of his conduct (or otherwise defend this action); his attempts to conceal his violations of the law; and his "knowledge, financial motivation, [and] experience" demonstrate a high likelihood of recidivism.

(Doc. 85)  The complaint alleges that Baker received from Sky Way "at least $1.9 million ($315,000 in cash and the balance in stock)" to promote the company.  Calculated from the day Sky Way stock "was delisted" until June 30, 2010, one month before Baker was permanently enjoined, the pre-judgment interest equals $377,390.11.[2]  In addition, the Commission seeks a civil penalty of $1.9 million.  For the reasons stated in the Commission's motion and in the July 29, 2010, order, Baker shall pay a civil penalty equal to the amount of disgorgement, $1.9 million.

## SKY WAY GLOBAL

The complaint seeks an injunction, a disgorgement, an imposition of pre-judgment interest, and a civil penalty against Sky Way, which is now defunct.  A September 9, 2010, order (Doc. 108) permanently enjoins Sky Way.  In this motion,

---

[2] The Commission purports to calculate pre-judgment interest "until the date this Court entered the Default Judgment against Baker."  But the Commission's supporting documents stop calculating interest on June 30, 2010, one month before the permanent injunction.

the Commission withdraws the demand for the three remaining forms of relief. For Sky Way, nothing remains for resolution.

### GLENN KOVAR

In accord with Glenn Kovar and the Commission's agreement, a judgment will issue against Glenn Kovar and in favor of the Commission in the amount of $11,247,111.38 (comprising $8,530,000 in disgorgement and $2,717,111.38 in pre-judgment interest). The Commission agrees to forebear execution and levy so long as Glenn Kovar complies with the terms of the parties' agreement (Doc. 267-2).

### BRENT KOVAR

In accord with Brent Kovar and the Commission's agreement, a judgment will issue against Brent Kovar and in favor of the Commission in the amount of $3,691,900.54 (comprising $2,800,000 in disgorgement and $891,900.54 in pre-judgment interest). The Commission agrees to forebear execution and levy so long as Brent Kovar complies with the terms of the parties' agreement (Doc. 267-1).

### CONCLUSION

The Commission's motion (Doc. 267) is **GRANTED**. Kent's motion for a hearing (Doc. 271) is **DENIED**. The clerk is directed to (1) enter a judgment for the Commission and against James S. Kent for $386,766.67 (comprising $265,000 in disgorgement, $1,766.67 in pre-judgment interest, and $120,000 as a civil penalty), (2) enter a judgment for the Commission and against Kenneth Baker for

$4,177,390.11 (comprising $1.9 million in disgorgement, $377,390.11 in pre-judgment interest, and $1.9 million as a civil penalty), (3) enter a judgment for the Commission and against Glenn Kovar in the amount of $11,247,111.38 (comprising $8,530,000 in disgorgement and $2,717,111.38 in pre-judgment interest), (4) enter a judgment in favor of the Commission and against Brent Kovar in the amount of $3,691,900.54 (comprising $2,800,000 in disgorgement and $891,900.54 in pre-judgment interest), and (5) enter a judgment in favor of Sky Way Global and against the Commission on the disgorgement, pre-judgment interest, and civil penalty remedies.[3]

After the clerk's entry of each judgment described in the previous paragraph, "all the claims" will be resolved against "all the parties," Rule 54(b), Federal Rules of Civil Procedure, and the clerk shall close the case.

ORDERED in Tampa, Florida, on February 21, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] The September 9, 2010, injunction against Sky Way (Doc. 108) remains in effect. Jurisdiction is retained to construe, modify, and enforce each permanent injunction entered in this action.